

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY LUCERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0012 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL ANTHONY LUCERO. By his habeas application, petitioner challenges his September 28, 2006 conviction, pursuant to a guilty plea, for the offense of indecency with a child by contact out of the 251st Judicial District Court of Potter County, Texas, and the 8-year sentence assessed for that conviction. *State v. Lucero*, No. 51,562-C.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of trial counsel because his attorney failed to:

   a. advise him that he would have to complete a sex offender treatment program prior to his release;
   b. inform him of the victim's exculpatory written statement;
   c. challenge the validity of the indictment; and

      d.    advise him that he would be subject to civil commitment proceedings;

2.    The prosecution erred when the State withheld material and exculpatory evidence;

3.    He is actually innocent;

4.    The indictment was defective; and

5.    The Texas Board of Pardons and Parole and TDCJ-CID has retroactively applied Section 499.054 of the Government Code as a provision of his parole requirements.

## II.
## TIME BAR

On January 22, 2014, respondent filed an answer to petitioner's federal habeas application asserting the application should be denied as time barred. On May 1, 2014, petitioner filed a reply to respondent's answer asserting he did not discover the factual predicate of his claims until a date subsequent to his conviction becoming final and, therefore, the statute of limitations should not begin until the date of his discovery of his claims.

Petitioner contends he did not discover the claims relating to (1) being required to undergo sex offender treatment and (2) discovery of an exculpatory statement by the victim, until late 2013 and that these claims are not time-barred. Respondent has not addressed petitioner's contention that those claims are not time-barred.

As to the victim's exculpatory statement, petitioner has not shown the date he claims to have discovered such statement, *i.e.* October 1, 2013, controls. First, petitioner has not shown he exercised due diligence in discovering the witness statement, nor has he produced the statement. If the statement he references is the same statement referenced by the District Attorney in the Answer to the state habeas petition, the statement is not only not exculpatory, it is inculpatory. Petitioner's argument appears to be that since the victim stated that petitioner placed his sexual

organ on the victim's body such constitutes a fatal variance from the charge that petitioner caused the victim to touch the genitals of petitioner.[1] Such argument is illogical.

In regard to petitioner's claim that he was required to participate in a sex offender treatment program and was not aware of such requirement when he pled guilty, such claim is not cognizable in a federal habeas petition. *Sledge v. Thaler*, 2010 WL 2817044, at *6 (N.D. Tex. June 28, 2010). Further, since petitioner also pled guilty to two counts of failing to register as a sex offender, his claim that he was unaware he might be required to participate in a sex offender treatment program is questionable.

As to all claims other then the two claims discussed above, the undersigned makes the following findings:

1. Petitioner's conviction became final on October 30, 2006, when his time to file an appeal of his conviction and sentence expired.

2. Petitioner's federal habeas corpus petition was due on or before October 30, 2007, unless the limitations period was statutorily or equitably tolled.

3. Petitioner's state habeas application, filed October 14, 2013 and denied without written order on December 18, 2013, was filed beyond the expiration of the limitation period and did not statutorily toll the statute of limitations.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the year prior to the filing of his state and federal habeas corpus petition and made retroactive to cases on collateral review.

5. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

6. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

7. Petitioner's federal habeas corpus application, filed January 14, 2014 when it was

---

[1] Under the indecency with a child statute an offense is committed by touching "any part of the body of a child" with the genitals of a person. Tex. Penal Code Ann. § 21.11.

placed in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

III.
### EQUITABLE TOLLING

The Fifth Circuit has recognized the one year limitation period for filing a habeas corpus petition established in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810–11 (emphasis added). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.*

The statute of limitations may also be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). However, the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

The Court has already addressed petitioner's argument that he did not know of the

claims. To the extent petitioner also argues he is entitled to equitable tolling on these claims because he did not learn about a statement completed by the victim until sometime in October of 2013 and/or that this statement proves he is actually innocent of the crime, petitioner's argument is without merit. First, petitioner pled guilty in open court and admitted he was guilty. Second, petitioner has not demonstrated equitable tolling of the limitations period is warranted because of this purported victim statement which petitioner contends contradicts the indictment in his case. First, he has not produced this statement and has failed to show with specificity how it proves he was innocent of the crime.[2] Secondly, petitioner has not otherwise supported his allegation of actual innocence or of constitutional error with new, reliable evidence in light of which no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Dawson v. Stephens*, 637 Fed. Appx. 141, 142 (5th Cir. 2016) *citing McQuiggin v. Perkins,* 133 S.Ct. at 1928. While courts have some discretion to grant equitable tolling, the arguments advanced by petitioner do not rise to the rare and exceptional circumstances standard under the law of the Fifth Circuit and do not warrant or authorize this Court to grant equitable tolling.

## IV.
## RECOMMENDATION

For the reasons set forth herein and in respondent's Answer filed April 22, 2014, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MICHAEL ANTHONY LUCERO be DENIED.

---

[2]This Court has reviewed petitioner's state habeas records related to his underlying conviction. (Dkt. 13-1). In a response filed by the District Attorney's office in November of 2013, the prosecution reviewed the entire file [from petitioner's criminal case] and stated, "the State cannot find any instance which this statement was made. Further, ...excerpts from the case description which contain statemens (sic) made by the victim which substantiate the allegations brought against the Applicant [are attached]." (Tr. 13-1 at 25).

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _20th_ day of January 2017.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).